IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHRISTOPHER SIMPSON, | ) |
| Petitioner, | ) No. 4:2016 CV-1366 |
| v. | ) |
| UNITED STATES OF AMERICA, | ) Original Criminal No. 4:09CR120ERW |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is the Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. 1). Movant asks the Court to vacate his current sentence and resentence him within the statutory maximum of 10 years under 18 U.S.C. §924(a)(2). Upon review, the Motion will be granted.

## **I. BACKGROUND**

On March 2, 2010, petitioner pled guilty to the charge of being a felon-in-possession of a firearm in violation of 18 U.S.C. §922(g)(1). Doc. 26. On September 28, 2010, he was sentenced to 180 months (15 years), the minimum sentence required by the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e). His predicate convictions were specified in the Presentence Investigation Report (PSR) to consist of robbery Second Degree, aggravated battery, and residential burglary. PSR, at ¶16. Petitioner is still within the custody of the Bureau of Prisons, imprisoned at the Federal Correctional Institution in Greenville, Illinois.

In reliance on *Johnson v. United States*, 576 U.S.___, 135 S. Ct. 2551 (2015), wherein the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague, Movant now seeks relief under 28 U.S.C. §2255, and asks this Court to vacate his sentences of 180 months. He argues that his sentence is unconstitutional and in violation of the 10 year statutory maximum in 18 U.S.C. §924(a)(2).

## II. DISCUSSION

First, the motion for relief is timely because it was filed within one year of the Supreme Court's decision in *Johnson*. *See* 28 U.S.C. §2255(f)(3).

The Court also finds that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257 (2016).

In light of *Johnson*, the Court finds that petitioner's Illinois conviction for aggravated battery in St. Clair County No. 0CF-414 (PSR, ¶ 47) no longer qualifies as a predicate violent felony because the record shows that he was convicted of an offense categorically defined to encompass only offensive contact, rather than violent force. The Court further finds that invalidating that ACCA predicate cannot be rendered harmless by substituting petitioner's Illinois conviction for domestic battery in St. Clair County No. 07CF-496 (PSR, ¶63), because that offense also was categorically defined to require only offensive physical contact. Although both of these battery offenses previously could have been qualified as predicate violent felonies under the "residual clause" definition in Section 924(e)(2)(B)(ii), the 2015 *Johnson* decision struck that provision as unconstitutionally vague. 135 S. Ct., at 2557.

The elimination of these convictions as violent felonies leaves petitioner without three prior convictions for crimes qualifying as "violent felonies" within the definition of the ACCA. The parties agree that *Johnson* renders petitioner's 180 month sentence unconstitutional and in excess of the statutory maximum and that it must be vacated and set aside. They further agree that a proper remedy is for petitioner to be sentenced to 78 months, the top of the Guidelines range the probation office calculated in light of *Johnson*.

Therefore, the Court concludes that petitioner Simpson's 180 month sentence violates the due process rule of *Johnson* and is an illegal punishment in violation of federal law in that it exceeds the 10-

2

year statutory maximum for the federal offense of being a felon in possession of firearms. The Court finds that permitting the original judgment to remain intact would perpetuate a due process violation.

### III. CONCLUSION

Accordingly, for the reasons stated above and in light of the circumstances of Movant's near completion of the original judgment, it is ORDERED that:

1. The Motion to Correct Sentence under 28 U.S.C. §2255 (Doc. 1) is GRANTED;

2. The sentence imposed on September 28, 2010, is vacated;

3. Movant has filed a waiver of appearance at resentencing. A modified sentence and judgment whereby Movant will be sentenced, in Case No. 4:09CR00120 ERW, to 78 months on count I, to be followed by three years of supervised release, subject to reconsideration for early release, will be entered contemporaneously with this order.

SO ORDERED.

DATE: October 27, 2016

E. Richard Webber
United States District Judge